**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

-vs- Case No. 6:11-cr-256-Orl-28GJK

**WILFREDO MORALES,**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration after oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT WILFREDO MORALES' MOTION AND MEMORANDUM FOR RELEASE PENDING SENTENCING (Doc. No. 73)** |
| **FILED:** | **December 27, 2011** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

On November 30, 2011, the undersigned conducted a change of plea hearing for Wilfredo Morales (the "Defendant"). Doc. No. 60. The Defendant entered a plea of guilty as to Counts I and III of the Superseding Indictment. Doc. No. 51. Count I charges the Defendant with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Doc. No. 32 at 1-2. Count III charges the Defendant with knowingly using and carrying a firearm during and in relation to, and knowingly possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C.

§§ 924(c)(1) and (2). Doc. No. 32 at 3. The undersigned recommended that the Court accept the Defendant's guilty plea. Doc. No. 67.

On December 27, 2011, and prior to the Court's acceptance of Defendant's plea, the Defendant filed a Motion and Memorandum for Release Pending Sentencing (the "Motion"). Doc. No. 73. Pursuant to 18 U.S.C. § 3143, Defendant maintains that he should be released pending sentencing because: he has strong ties to the community; his family and fiancé all live in the Orlando area; he wants the opportunity to marry his fiancé and spend time with his children prior to sentencing; his fiancé's brother is suffering from cancer with an unfavorable prognosis; he is unlikely to flee; and he is not a danger to any other person or the community. Doc. No. 73 at 2.

On December 29, 2011, the Court accepted the Defendant's plea and adjudicated him guilty of Counts I and III. Doc. No. 77. On January 4, 2012, Defendant filed a notice acknowledging that 18 U.S.C. § 3143 does not support the relief requested in the Motion. Doc. No. 80. On January 5, 2012, the undersigned held a hearing on the Motion. Doc. No. 81.

Section 3143(2), provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence shall be detained unless –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; <u>or</u>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; <u>and</u>
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(2) (emphasis added). At the hearing, Defendant conceded that he had been found guilty of an offense described in subparagraph (f)(1) of Section 3142. Doc. No. 81. Therefore, Defendant may be released pending sentencing only if the Court finds: there is a substantial likelihood that a motion for acquittal or new trial will granted or the Government has recommended a sentence which includes no imprisonment, and there is clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released. 18 U.S.C. § 3143(2).

At the hearing, Defendant acknowledged that there is not a substantial likelihood that motion for acquittal or new trial will be granted, and the Government stated that it will not be recommending a sentence of no imprisonment. Doc. No. 81. Therefore, neither subsection (i) or (ii) of 18 U.S.C. § 3143(2)(A) has been satisfied in this case. Accordingly, it is recommended that the Motion (Doc. No. 73) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on January 5, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge

Counsel of record